UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| **JORDAN RODE**<br>1950 Leavenworth Street<br>San Francisco, CA 94133<br>　　　　　　　　　Plaintiff<br><br>　　v.<br><br>**THE PRUDENTIAL INSURANCE COMPANY<br>　OF AMERICA**<br>213 Washington Street<br>Newark, NJ 07102<br><br>　　and<br><br>**MARNIE RODE**<br>7561 Spring Lake Drive<br>Apartment D2<br>Bethesda, MD 20817<br><br>　　　　　　　　　Defendants | No. _____ |

## COMPLAINT

Plaintiff Jordan Rode ("Jordan"), by his undersigned attorneys, sues defendants The Prudential Insurance Company of America ("Prudential") and Marnie Rode ("Marnie") and as and for his complaint states as follows:

### *Nature of Suit*

1. Jordan is the beneficiary of certain proceeds now due and payable by Prudential on account of the death of Jordan's mother, Dr. Meredith Rode ("Dr. Rode"). Marnie,

Jordan's sister, is the other beneficiary. On information and belief, the proceeds amount to approximately $300,000, 70% of which is due to Jordan and 30% of which is due to Marnie. On information and belief, Marnie has claimed or may claim that Jordan is entitled only to 50% of the proceeds and that she is entitled to the other 50% in that a change-of-beneficiary form executed by Dr. Rode shortly before her death is invalid. To date, Prudential has not paid any amounts to Jordan or, on information and belief, to Marnie.

### *Jurisdiction and Venue*

2. The Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are of diverse citizenship. Subject matter jurisdiction is additionally founded on the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 in that Marnie resides in Maryland and Prudential is deemed to reside in Maryland pursuant to 28 U.S.C. § 1391(c).

4. Each of the defendants is subject to the Court's personal jurisdiction, in that Prudential maintains a resident agent in Maryland and Marnie is domiciled in Maryland.

### *Parties*

5. Jordan is an adult citizen of California, residing at the address stated in the caption.

6. On information and belief, Prudential is a New Jersey corporation with its principal office located at the address stated in the caption. Prudential is engaged and licensed to engage in the insurance business in Maryland. Prudential has appointed the Maryland Insurance Commissioner as its resident agent for acceptance of service of process.

7. Marnie is an adult citizen of Maryland, residing at the address stated in the caption.

### *Facts Common to Both Counts*

8. Dr. Rode died on or about August 30, 2012, a domiciliary of Maryland.

9. On information and belief, at the time of her death Dr. Rode was the owner of an annuity or insurance policy ("Policy") issued by Prudential, which provided for a death benefit of approximately $300,000 ("Death Benefit").

10. On information and belief, prior to August 28, 2012, the named beneficiaries of the Death Benefit were Jordan, 50%, and Marnie, 50%.

11. On information and belief, on or about August 28, 2012, Dr. Rode executed a change-of-beneficiary form changing the named beneficiaries of the Death Benefit to Jordan, 70%, and Marnie, 30%.

12. On information and belief, said change-of-beneficiary form was validly executed and submitted to Prudential in accordance with the Policy.

### *Count I*
### *Against Prudential*

13. The allegations in introductory paragraphs 1 through 12 are adopted in Count I by reference.

14. Shortly after Dr. Rode's death, Jordan submitted a claim to Prudential in accordance with the Policy for 70% of the Death Benefits.

15. Prudential has failed and refused, without justification or excuse and despite demand, to pay Jordan his share of the Death Benefits.

WHEREFORE, Jordan prays as follows:

A. That the Court award judgment in favor of Jordan and against Prudential for 70% of the Death Benefits, plus interest thereon and costs of suit.

B. That the Court grant such other relief as justice may require.

### *Count II*
### *Against Prudential and Marnie*

16. The allegations in introductory paragraphs 1 through 12 are adopted in Count II by reference.

17. Marnie has claimed or she may claim that the change-of-beneficiary form signed by Dr. Rode was invalid, as a result of which Jordan is entitled to only 50% of the Death Benefit, not 70% as Jordan claims.

18. An actual controversy exists between Jordan and Marnie, to which Prudential is a proper party.

WHEREFORE, Jordan prays as follows:

A. That the Court declare that Jordan is entitled 70% of the Death Benefits, plus interest thereon and costs of suit.

B. That the Court grant such other relief as justice may require.

        Respectfully submitted,

        OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.

        By /s/ Charles H. Fleischer
          Charles H. Fleischer, D.Md. Bar No. 00219

        4419 East West Highway
        Bethesda, MD 20814
        tel: (301) 986-4056 / fax: (301) 951-0555
        email: cfleischer@ofqlaw.com

*Attorneys for plaintiff Jordan Rode*